## Wells Fargo Bank, N.A. v Oliveri

2024 NY Slip Op 32434(U)

July 11, 2024

Supreme Court, Kings County

Docket Number: Index No. 514111/2015

Judge: Derefim B. Neckles

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part FRP-2 of the Supreme Court
of the State of New York, held in and for the
County of Kings, at the Courthouse, at 360 Adams
Street, Brooklyn, New York, 11201 on the 11th day
of July, 2024.

PRESENT:

HON. DEREFIM B. NECKLES,

Acting Justice.

----------------------------------------------X

WELLS FARGO BANK, N.A.

Plaintiff,

- against -

PETER OLIVERI, AS EXECUTOR OF THE ESTATE OF
JOSEPHINE CIANFLONE, JOSEPHINE CIANFLONE-
OLIVERI, MORTGAGE ELECTRIC REGISTRATION
SYSTEMS,INC AS NOMINEE FOR OLD MERCHANT'S
MORTGAGE, INC., D/B/A OMMB, NEW YORK STATE
DEPARTMENT OF TAXATION AND FINANCE, NY
FINANCIALS SERVICES LLC, CAPITAL ONE BANK
(USA) NA, APEX TWO, INC., ASSOCIATES CONSUMER
DISCOUNT COMPANY, INC., UNITED STATES OF AMERICA
BY THE INTERNAL REVENUE SERVICE, NEW YORK
STATE DEPARTMENT OF TAXATION AND FINANCE,
CITY OF NEW YORK PARKING VIOLATION BUREAU
And JOHN DOE #1,

Index No. 514111/2015

Defendants.

----------------------------------------------X

| The following e-filed papers read herein: | NYSCEF Doc Nos. |
|---|---|
| Notice of Motion/Affidavits (Affirmations) Annexed | 170 - 177 |
| Opposition Affirmation to Motion to Reargue | 178 |

Upon the foregoing papers in this proceeding, the defendant moves (under mot. seq. 6) for an order to grant renewal and/or reargument of the defendant's prior order to show cause, which was denied by this court in an order dated October 25th, 2023. The prior order to show cause sought to vacate (1) this court's July 1, 2022 denial of the defendant's cross-motion to vacate the order for summary judgment and (2) the Judgment

[*1]

of Foreclosure and Sale dated July 5th, 2022 pursuant to CPLR §5016(d) and 1015(a). The defendant alleges that the orders were made after the death of a necessary party, Peter Oliveri, the Executor of the Estate of Josephine Cianflone.

## *Background*

The defendant, Josephine Cianflone, passed away on June 22nd, 2012. As a result, Peter Oliveri (Oliveri), Josephine Cianflone's son in-law, was appointed as executor of her estate. A foreclosure action was commenced by plaintiff, Wells Fargo Bank N.A., on November 18th, 2015 against the Estate of Josephine Cianflone. . Oliveri then passed away on November 27th, 2020. This court issued an order dated March 8th, 2018, that (1) granted plaintiff's summary judgment, (2) Appointed a referee, and (3) granted plaintiff's default judgment. On October 16th, 2019, the defendant cross-moved for and order to (1) to vacate the court's March 8th Order, and (2) permit defendant Josephine Cianflone-Oliveri to interpose opposition. On July 1st, 2022, this court denied defendant's cross-motion to vacate the order for summary judgment against the defendant. On October 25th, 2023, this court similarly denied the defendant's motion to vacate the judgment of foreclosure and sale. Defendant Josephine Cianflone-Oliveri files this instant motion to reargue and/or renewal, pursuant to CPLR §2221, (1) the order dated October 25th, 2023, (2) to vacate Short form Order dated July 1st, 2022, and (3) to vacate the Judgment of Foreclosure and Sale dated July 5th, 2022.

## *Discussion*

### (1) Motion to Renew

CPLR § 2221(e) states that a motion to renew: (1) Shall be identified specifically

2

[*2]

as such, (2) Shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination; and (3) Shall contain reasonable justification for the failure to present such facts on the prior motion. "A motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" *Carmike Holding I, LLC v. Smith*, 120 N.Y.S.3d 141, 144 (2nd Dept.2020).

Here, the defendant fails to present a reasonable justification for failure to present such facts on the prior motion. The defendant asserts that the record does not show that defendant, Josephine Cianflone-Oliveri, holds the deed to the property. As a result, the defendant argues this fact would change the court's prior determination. However, the defendant does not present a reasonable justification as to the failure of mentioning this fact in their prior motion.

### (2) Motion to Reargue

CPLR §2221(d) provides that a motion for leave to reargue: (1) shall be identified specifically as such; (2) shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion; and (3) shall be made within thirty days after service of a copy of the order determining the prior motion and written notice of its entry. "While the determination to grant leave to reargue lies within the sound discretion of the court, a motion for leave to reargue 'is not designed to provide an unsuccessful party with successive opportunities to reargue issues previously decided, or to present

3

argument different from those originally presented." *Degraw Constr. Group, Inc. v. McGowan Bldrs., Inc.*, 111 N.Y.S.3D 898, 899 (2nd Dep't 2019).

Here, the defendant has failed to establish that this court overlooked or misapprehended matters of law or fact in determining the prior order. The defendant asserts that Oliveri was a necessary party because he was the executor of the estate but did not transfer the property to anyone before his death. The defendant contends that the Judgment of Foreclosure and Sale dated July 5th, 2022, was issued after Oliveri's death, and before a new executor was appointed. As a result, the defendant moves to reargue because there was no executor of the estate before the judgment was rendered by the court. However, these same facts and arguments were already addressed in the court's prior order dated October 25th, 2023. Thus, the court did not overlook or misapprehend the facts presented by the defendant.

Accordingly, it is

> **ORDERED** that defendant's motion is denied in its entirety.

This constitutes the decision and order of the court.

E N T E R,

HON. DEREFIM B. NECKLES
A. J. S. C.

HON. DEREFIM B. NECKLES
A.J.S.C.

4